UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH WISE,<br><br>            Plaintiff,<br><br>    v.<br><br>KAREN HORTON,<br><br>            Defendant. | No. 2:21–CV–15 TLN KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(ECF No. 1, 2) |

Plaintiff, who proceeds without counsel in this action, requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Under 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that it lacks federal subject matter jurisdiction over the action. Accordingly, the court recommends that the action be dismissed.

///

1

## **DISCUSSION**

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). However, under the Rooker-Feldman doctrine, federal courts have no jurisdiction to reexamine or set aside a judgment of a state court. Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) ("Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments."); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Here, plaintiff (a California citizen) alleges diversity jurisdiction in a controversy over $100,000 against Karen Horton, an Oregon defendant. (ECF No. 1 at 4.) Plaintiff states Horton "claimed on a proof of service form . . . that she served [him] with a summons, complaint and civil coversheet" at an address in Paradise, Ca in 2018. Plaintiff states he "has never met or seen the defendant in his life." Thus, plaintiff claims that "due to the fraud by providing false proof of service, a default judgment was issued" against him. Plaintiff names the following causes of action: fraud, intentional infliction of emotional distress, libel. He requests the court "quash the proof of service" and award $100,000 in punitive damages.

Given the scope of these allegations, the undersigned finds the claims stated in the complaint are barred by Rooker-Feldman. The core of plaintiff's complaint concerns the proceedings in state court, and plaintiff's requested relief (mainly to "quash the proof of service") would have this court effectively be reversing the state court's judgment. This a federal court

cannot do.  See, e.g., Grant v. Unifund CCR Partners, 2012 WL 379911 (C.D. Cal. Feb.6, 2012) (dismissing under Rooker-Feldman where plaintiff challenged service of process in a state court proceeding after discovering default judgment had been entered against him); Fleming v. Gordon Law Group, P.C., 723 F. Supp. 2d 1219 (N.D. Cal. 2010) (same); Williams v. Cavalry Portfolios Servs., LLC, 2010 WL 2889656 (C.D. Cal. July 20, 2010) (holding that plaintiff was essentially seeking relief from state court default judgment, and so claims were precluded by Rooker-Feldman).  Thus, the court recommends dismissal for lack of subject matter jurisdiction.  See, e.g., Grant v. Unifund CCR, LLC, 577 F. App'x 693, 696 (9th Cir. 2014) (finding that because Rooker-Feldman barred subject matter jurisdiction over certain claims, the proper procedure was for those claims to be considered by the state court).

## ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis is GRANTED.

Further, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED for lack of subject matter jurisdiction; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 21, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wise.15

3